FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY 16 2008

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JANET L. MORA,<br><br>    Petitioner,<br><br>v.<br><br>DEBORAH PATRICK,<br><br>    Respondent. | No. CV 07-5519-MMM (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation. The Court agrees with the recommendation of the magistrate judge.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: May 13, 2008

MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET L. MORA,<br><br>    Petitioner,<br><br>    v.<br><br>DEBORAH PATRICK,<br><br>    Respondent. | NO. CV 07-5519-MMM (AGR)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable Margaret M. Morrow, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends the Petition for Writ of Habeas Corpus be denied.

///
///
///
///
///
///

I.

## SUMMARY OF PROCEEDINGS

On March 29, 2004, Petitioner pled guilty in the Los Angeles County Superior Court to robbery and a gun enhancement. (Petition at 2.) The court sentenced Petitioner to 16 years, 4 months in prison. (*Id.*) Petitioner did not appeal her conviction.

Petitioner filed a state habeas petition in the Los Angeles Superior Court on December 27, 2006,[1] which was denied on the same day. (LD 6, 7.) On January 29, 2007, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal in the Fifth Appellate District. (LD 8.) On March 1, 2007, the court denied the petition without prejudice to it being filed in the Second Appellate District. (*Id.*) On March 16, 2007, Petitioner filed a petition for habeas corpus in the California Supreme Court, which was denied on July 18, 2007, with citations to *In re Robbins*, 18 Cal. 4th 770, 780, 77 Cal. Rptr. 2d 153 (1998),[2] as well as other California cases. (LD 9, 10.)

On August 23, 2007, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 in this Court[3] in which she raised two grounds: (1) ineffective assistance of counsel in connection with the plea agreement; and (2) ineffective assistance regarding her counsel's failure to file an appeal.

On September 27, 2007, Respondent filed a motion to dismiss on the basis that the statute of limitations had expired. On October 11, 2007, Petitioner signed a document entitled "Traverse to answer Petition for Writ of Habeas Corpus"

---

[1] The petition was signed on December 5, 2006. (Lodged Document ("LD") 6 at 6.)

[2] A citation to page 780 of *In re Robbins* is a "clear ruling that [a] petition was untimely." *Thorson v. Palmer,* 479 F.3d 643, 645 (9th Cir. 2007).

[3] Petitioner signed the petition on August 13, 2007. (Petition at 7.)

2

("Opposition"), which the Court construes as an opposition to the motion to dismiss.[4] On October 25, 2007, Respondent filed a reply.

This matter is now ready for decision.

## II.

## STATUTE OF LIMITATIONS

There is a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A), or one of three dates set in § 2244(d)(1)(B)-(D). Petitioner was sentenced on May 4, 2004. (Petition at 2.) Because Petitioner did not appeal, her conviction became final 60 days later on July 3, 2004. California Rules of Court 30.1(a), (d). Accordingly, under § 2244(d)(1)(A), the one-year statute of limitations for filing a federal habeas petition expired on July 3, 2005.

However, because the petition is based on ineffective assistance of counsel, under § 2244(d)(1)(D), the limitations period begins on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that her counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice (whichever is later). See *Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001).

Petitioner argues she was incorrectly told that her direct appeal was filed.[5] (Opposition at 2.) Assuming Petitioner learned that an appeal had not been filed as late as July of 2005, when she began the process of obtaining her plea

---

[4] Although Petitioner served her opposition, she failed to file it with the court. On January 15, 2008, in response to the Court's order, Respondent submitted Petitioner's opposition to the court.

[5] Because Petitioner pled no contest, her counsel was precluded from filing a direct appeal absent issuance of a certificate of probable cause. Cal. Penal Code § 1237.5; *People v. Mendez*, 19 Cal. 4th 1084, 1099, 81 Cal. Rptr. 2d 301 (1999).

3

transcripts in order to file a habeas petition (Opposition at 2),[6] the statute of limitations began to run at that time. *See* 28 U.S.C. § 2244(d)(1)(D) (the statute of limitations may begin on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"[7]). Thus, absent tolling, the statute of limitations for filing a federal habeas petition expired, at the latest, one year later on July 31, 2006.

### A. Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). There is no tolling from the time a petitioner's conviction becomes final and the filing of the first state habeas petition because there is no case "pending" during that interval. *See Thorson,* 479 F.3d at 646.

Petitioner is not entitled to statutory tolling because she did not file her first state habeas petition until December 5, 2006 (LD 6), months after the limitations period had already expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"), *cert. denied*, 540 U.S. 924 (2003). Accordingly, absent equitable tolling, the petition is time-barred.

### B. Equitable Tolling

The Supreme Court has not yet decided whether 28 U.S.C. § 2244(d) allows for equitable tolling. *Lawrence v. Florida*, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007). However, assuming that equitable tolling is available, "a litigant seeking equitable tolling bears the burden of establishing two elements:

---

[6] Petitioner attaches no supporting evidence for any of her assertions, which are also not in the form of a sworn declaration.

[7] Petitioner presents no evidence as to her diligence in discovering that an appeal was not filed between the date of her conviction and sentence (May 4, 2004) and July of 2005.

4

(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 699 (2005) (citation omitted). "The prisoner must show that the extraordinary circumstances were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citation and internal quotation marks omitted). "Equitable tolling is justified in few cases, though. Indeed, the threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." *Id.* (citation and internal quotation marks omitted).

Starting in July 2005, Petitioner sought to obtain her state court transcripts by petition or motion, which were denied. (Opposition at 2.) After being denied her first transcript request on July 29, 2005, she did not attempt to appeal that denial or make another request until sometime in October 2006[8] which was again denied. (*Id.*) Petitioner states she received transcripts from counsel in December 2006. (*Id.*)

Petitioner's difficulties in obtaining her transcripts are not a basis for equitable tolling. Petitioner does not contend that she could not file her habeas petition without the transcripts. Petitioner was present at her own plea hearing. (LD 3 at 2.) The plea transcripts are not related to her grounds for federal habeas relief. *See United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) ("lack of transcripts [does] not actually make it impossible" to file a habeas petition); *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) ("[T]he state's alleged refusal here to provide [petitioner] with a complete transcript does not justify equitable tolling"), *cert. denied*, 537 U.S. 1121 (2003); *Fadayiro v. United States*, 30 F. Supp. 2d 772, 779-80 (D.N.J. 1998) (delay in receipt of transcripts does not justify equitable tolling). Moreover, it was unnecessary for Petitioner to obtain the transcripts before filing her petition here as Respondent would have

---

[8] It is not clear whether the Notice of Appeal filed in September 2006 related to the transcripts. (Opposition at 2.)

1 | been required to lodge the transcript with her responsive pleading, as she has in
2 | fact done.  See Rule 5(c) of the Rules Governing § 2254 Cases.

3 | Accordingly, equitable tolling is not available to Petitioner.

4 | III.

5 | **RECOMMENDATION**

6 | For the reasons discussed above, it is recommended that the District Court
7 | issue an Order (1) adopting this Report and Recommendation and (2) directing
8 | that judgment be entered denying the petition and dismissing this action with
9 | prejudice.

12 | DATED: January 29, 2008

ALICIA G. ROSENBERG
United States Magistrate Judge

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.